NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLGA OLIVIA LOPEZ-CHAN; KLEBERSON DANIEL RUIZ-LOPEZ; E. J. R.-L., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1142 <br><br> Agency Nos. <br> A220-163-709 <br> A220-163-710 <br> A220-163-711 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025[**]
Pasadena, California

Before: GRABER, TALLMAN, and BUMATAY, Circuit Judges.
Special Concurrence by Judge GRABER.

Petitioners Olga Olivia Lopez-Chan and her minor children,[1] natives and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Lopez-Chan's minor children join her application for asylum as derivative beneficiaries. Lopez-Chan's children filed their own applications for withholding of removal and CAT relief, but these rely on the same facts as Lopez-Chan's claim.

citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal of an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

When "the BIA conducts its own review of the evidence and law" instead of simply adopting the IJ's decision, we limit our review "to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). We review the BIA's "factual findings for substantial evidence" and its legal conclusions de novo. *Cordoba v. Barr*, 962 F.3d 479, 481–82 (9th Cir. 2020).

1. The BIA concluded that Petitioners failed to establish a nexus between any past or future persecution and a protected ground. Failure to establish nexus is dispositive for both asylum and withholding of removal claims. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). Petitioners' opening brief does not address or challenge the BIA's nexus conclusion. Because Petitioners failed to meaningfully challenge the BIA's dispositive conclusion on their asylum and withholding of removal claims, those issues are waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that a party waives an issue by failing to address it in their opening brief).

24-1142

2.    The BIA also concluded that the record does not demonstrate that it is more likely than not that Petitioners will face torture in Guatemala by or with the acquiescence of a public official.  On appeal, Petitioners do not meaningfully challenge the BIA's "lack of acquiescence" finding.  While Petitioners raised the issue in their opening brief, they did not support it with any argument addressing BIA's dispositive ruling on the issue.  Instead, Petitioners only note that CAT protects against torture regardless of a nexus to a protected ground.  But this argument does not show that the BIA erred on any dispositive ground.  Thus, Petitioners' CAT claim is also waived.  *See Martinez-Serrano*, 94 F.3d at 1259 ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION DENIED.**

Lopez-Chan v. Bondi, No. 24-1142

GRABER, Circuit Judge, specially concurring:

Although I agree with the result, I do not rely on forfeiture, abandonment, or waiver. In my view, Petitioners' brief, though cursory, suffices to bring the issues to us for decision.

With regard to asylum and withholding of removal, substantial evidence supports the agency's finding that the gang members who harmed Lead Petitioner were motivated solely by general criminal tendencies and did not know of her report to police. That is, the agency found that Petitioners failed to prove any nexus to a protected ground, and the record does not compel us to disagree. See Sharma v. Garland, 9 F.4th 1052, 1060 (9th Cir. 2021) (holding that a petitioner must show that the record compels a conclusion contrary to the agency's conclusion); Zetino v. Holder, 622 F.3d 1007, 1016 (holding that a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

As to the CAT claim, substantial evidence likewise supports the agency's conclusion that Petitioners are not likely to be tortured by, or with the acquiescence of, the government if they are returned to Guatemala. We are not compelled to find to the contrary. See Andrade v. Garland, 94 F.4th 904, 916 (9th Cir. 2024)

(reviewing the agency's finding of no acquiescence by asking whether the record compels the contrary conclusion).

Accordingly, I would deny the petition on the merits.